UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                            Case No. 16-cr-20460
                                              HON. MARK A. GOLDSMITH

DEVONTAE RUSSELL,

    Defendant.
_____/

**OPINION AND ORDER**
**DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT (Dkt. 132)**

This matter is before the Court on Defendant Devontae Russell's motion to dismiss the indictment (Dkt. 132). The Government has filed a response (Dkt. 172), to which Russell has replied (Dkt. 190). The Court concludes that oral argument would not assist in resolution of this matter. See Local Rule 7.1(f)(2). For the reasons discussed below, the Court denies Russell's motion.

**I. BACKGROUND**

On January 31, 2017, the Government filed its First Superseding Indictment, which charges Russell and the other Defendants with one count of racketeering conspiracy in violation of 18 U.S.C. § 1962(d). See generally 1st Superseding Indictment (Dkt. 39). The indictment alleges that Russell and the other Defendants were members or associates of a street gang known as 6 Mile Chedda Grove. Id. ¶ 1. Based on territory on the east side of Detroit, the purpose of the gang allegedly includes "[p]reserving and protecting the power, territory, reputation, and profits of the enterprise through murder, robberies, intimidation, violence, and threats of violence." Id. ¶ 9. The

1

indictment alleges that the gang's profits derive primarily from the sale and distribution of controlled substances, including crack cocaine, heroin, and morphine. Id. ¶ 6. The sale and distribution allegedly was not limited to just Michigan. According to the indictment, gang members and associates sold and distributed controlled substances in Ohio, Kentucky, Tennessee, Alabama, and West Virginia. Id.

As it relates to Russell in particular, the indictment alleges that he committed the following overt acts:

> (29) On or about September 11, 2014, DEVONTAE RUSSELL and MARIO JACKSON were together in a car in which oxycodone and morphine were found in Tennessee.
>
> (30) On or about September 23, 2014, DEVONTAE RUSSELL was in a car in which oxycodone and morphine were found in Ohio.[1]

Id. ¶ 12.

## II. ANALYSIS

In his motion, Russell argues that these two acts resulted in state-court convictions in Tennessee and Ohio and that, as a result, charging him for these incidents in the indictment violates the Fifth Amendment's Double Jeopardy Clause. Russell also argues that the indictment fails to sufficiently allege a nexus between these acts and the 6 Mile Chedda Grove criminal enterprise. Each argument lacks merit.

**A. Double Jeopardy**

The Double Jeopardy Clause of the Fifth Amendment provides that "[n]o person [shall] be subject for the same offense to be twice put in jeopardy of life of limb." That guaranty protects

---

[1] The indictment also alleges that "[o]n or about December 2, 2014, DEVONTAE RUSSELL and 6 Mile associate G were together in a car in which a hidden compartment containing approximately $8,500 was found in Ohio." Id. ¶ 31. However, Russell states that he was in custody on that date. The Government did not rebut this factual assertion in its response and, in fact, conceded this fact during Russell's s detention hearing.

2

against a second prosecution for the same offense after acquittal or conviction, and prohibits multiple punishments for the same offense. Ohio v. Johnson, 467 U.S. 493, 498 (1977). However, the Supreme Court has long held that "two prosecutions . . . are not for the same offense if brought by different sovereigns — even when those actions target the identical criminal conduct through equivalent criminal laws." Puerto Rico v. Sanchez Valle, 136 S. Ct. 1863, 1870 (2016). Russell was convicted under the laws of Tennessee and Ohio, two sovereigns distinct from the federal government. As a result, the Government's prosecution of Russell for racketeering conspiracy does not violate his Fifth Amendment rights.

Even if this case involved the same sovereign, Russell's successive prosecution would not violate the Double Jeopardy Clause. To determine whether a successive prosecution violates double jeopardy, courts conduct the "same-elements" test as articulated by the Supreme Court in Blockburger v. United States, 284 U.S. 299, 304 (1932) ("The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.").

To convict a defendant of racketeering conspiracy, the Government must prove beyond a reasonable doubt: (i) the existence of a criminal enterprise; (ii) association with the enterprise; (iii) knowing agreement to participate in the conduct of the enterprise; (iv) the defendant and at least one other conspirator agreed that the defendant, or a conspirator, would commit at least two acts of racketeering in furtherance of the enterprise; and (v) the activities affected interstate commerce. See United States v. Fowler, 535 F.3d 408, 418 (6th Cir. 2008). To prove aggravated possession of drugs as a third-degree felony, Ohio Rev. Code § 2925.11(C)(1)(b), the state of Ohio had to establish Russell's (i) knowing possession of (ii) a schedule two controlled substance in an

amount equal to the bulk amount, but less than five times the bulk amount. See State v. Cook, No. 77101, 2000 WL 1806994, at *3 (Ohio Ct. App. Dec. 7, 2000). An examination of both offenses shows that each contains an element that the other does not. For example, a racketeering conspiracy does not require knowing possession of a controlled substance, while aggravated possession of drugs does not require the existence of a criminal enterprise.

The same goes for Russell's Tennessee conviction. To establish a violation of Tenn. Code Ann. § 39-17-417, it must be proven beyond a reasonable doubt that the defendant (i) knowingly (ii) manufactured, delivered, sold, or possessed with the intent to manufacture, deliver, or sell, a schedule two controlled substance. See State v. Holmes, No. 02C01-9411-CR-00251, 1995 WL 695127, at *2 (Tenn. Crim. App. Nov. 22, 1995). There is nothing in the racketeering conspiracy statute requiring the manufacture, delivery, sale, or possession of a controlled substance, while the Tennessee statute does not require the existence of a criminal enterprise. As a result, Russell's double jeopardy argument fails.

### B. Nexus to the Criminal Enterprise

Russell also argues that the indictment does not sufficiently allege that any criminal activity committed in Ohio or Tennessee had any nexus to the alleged criminal enterprise. Russell argues that he merely resided in the Six-Mile area of Detroit and knew some of the individuals named in the indictment. He argues that these personal relationships are insufficient to tie any of his alleged criminal activity to a formal organization.

"Under the Notice Clause of the Sixth Amendment, a criminal defendant has the right 'to be informed of the nature and cause of the accusation' against him." United States v. Maney, 226 F.3d 660, 663 (6th Cir. 2000) (quoting U.S. const. amend VI). To satisfy this standard, "the indictment must: (1) 'set out all of the elements of the charge[d] offense and must give notice to

4

the defendant of the charges he faces[,]' and (2) 'be sufficiently specific to enable the defendant to plead double jeopardy in a subsequent proceeding, if charged with the same crime based on the same facts.'" United States v. McAuliffe, 490 F.3d 526, 531 (6th Cir. 2007) (quoting United States v. Douglas, 398 F.3d 407, 413 (6th Cir. 2005)).

"An indictment will usually be sufficient if it states the offense using the words of the statute itself, as long as the statute fully and unambiguously states all the elements of the offense." United States v. Superior Growers Supply, Inc., 982 F.2d 173, 176 (6th Cir. 1992). However, this statutory language must be supplemented by a statement of facts and circumstances that inform the defendant of the specific offense. Id.

A review of the indictment shows that Russell has been provided sufficient notice of the conspiracy charge under 18 U.S.C. § 1962. After providing a factual overview of the enterprise, its purpose, and its manner and means, the indictment quotes directly from the racketeering conspiracy statute. 1st Superseding Indictment ¶ 11 ("[Defendants] being persons employed by and associated with 6 Mile, an enterprise, which engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree with one another to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the enterprise's affairs through a pattern of racketeering activity[.]"). This recitation is sufficient to state the elements and put Russell on notice of what is alleged against him.

Russell argues that the language of the indictment is conclusory on the nexus issue, and that the Government has failed to set forth specific facts demonstrating the nexus between the alleged enterprise and his criminal acts. But Russell offers no authority, in the context of a motion to dismiss, that an indictment must plead specific facts beyond what is necessary to put a defendant

5

on notice of the crime with which he is charged. To go beyond the standard of notice would enmesh courts in evaluating whether evidence was somehow "sufficient" — an analysis that courts generally refuse to perform on a motion to dismiss. See United States v. Landham, 251 F.3d 1072, 1080 (6th Cir. 2001) ("[C]ourts evaluating motions to dismiss do not evaluate the evidence upon which the indictment is based."); see also United States v. Jackson, No. 16-CR-20188, 2016 WL 4205998, at *2 (E.D. Mich. Aug. 10, 2016) (recognizing that numerous courts have held that a pretrial motion to dismiss may not be based on a sufficiency-of-the-evidence argument).

In any case, the indictment is not entirely conclusory; it provides factual allegations regarding Russell's overt acts in relation to the enterprise. As noted above, the indictment alleges that Russell was found in a vehicle containing oxycodone and morphine on two separate occasions, one of which involved another alleged member of the 6 Mile Chedda Grove gang. Id. ¶¶ 29-30. While the recitation of facts is not elaborate, it need not be. All that is required is that the indictment put the defendant on notice by setting out the charged elements and be sufficiently specific so that the defendant may plead double jeopardy if charged in a subsequent proceeding with the same crime based on the same facts. McAuliffe, 490 F.3d at 531. Because the indictment in this case satisfies those requirements, Russell's motion to dismiss fails.

### III. CONCLUSION

For the foregoing reasons, the Court denies Russell's motion to dismiss the First Superseding Indictment (Dkt. 132).

SO ORDERED.

Dated: June 8, 2017  s/Mark A. Goldsmith
       Detroit, Michigan  MARK A. GOLDSMITH
       United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 8, 2017.

                                          s/Karri Sandusky
                                                Case Manager.